UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PAMELA HANSON,

                     Petitioner,

      v.                                                      9:23-CV-0822
                                                              (BKS)

GOVERNOR HOCHUL; PRESIDENT USA,

                     Respondents.

---

APPEARANCES:                                                  OF COUNSEL:

PAMELA HANSON
Petitioner pro se
09-G-0586
Albion Correctional Facility
3595 State School Road
Albion, NY 14411

BRENDA K. SANNES
Chief United States District Judge

## DECISION and ORDER

Petitioner Pamela Hanson seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."); Dkt. Nos. 1-1–1-9, Exhibits.[1] On July 11, 2023, the Court administratively closed the action for petitioner's failure to properly commence it. Dkt. No. 3, Administrative Order, at 1. Petitioner was provided thirty days to either (1) pay the court's filing fee of five dollars ($5.00); or (2) submit a completed, signed, and properly certified application to proceed in forma pauperis ("IFP"). *Id.* at 2.

Petitioner timely complied and filed a properly certified IFP application. Dkt. No. 4, Motion for IFP. The Court approved petitioner's motion, and the case was returned to the

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Court's active docket.  Dkt. No. 5, Text Order (reopening case); Dkt. No. 6, Text Order (granting IFP application).

Petitioner identifies Kings County, in the Eastern District of New York ("Eastern District"), as the location of her 2009 conviction and sentence for second degree murder and fourth degree grand larceny.  *See* Pet. at 1-2; 28 U.S.C. § 112(c) (specifying that Kings County is in the Eastern District); *accord People v. Hanson*, 100 A.D.3d 771, 771 (2d Dep't 2012) (affirming the 2009 Kings County Supreme Court conviction for murder and grand larceny), *rev'd and remanded by*, 24 N.Y.3d 294 (2014).[2]

Petitioner is currently incarcerated at Albion Correctional Facility in Orleans County, located in the Western District of New York ("Western District").  Pet. at 1; 28 U.S.C. § 112(d) (identifying Orleans as one of the seventeen counties in the Western District); DOCCS Facilities: Albion Correctional Facility *available at* https://doccs.ny.gov/location/albion-correctional-facility.  Just over three months ago, petitioner applied for executive clemency and was interviewed by both the Office of Mental Health and the Department of Corrections and Community Supervision ("DOCCS") at Albion; however, petitioner has yet to receive a decision regarding the application.  Pet. at 5.

Liberally construing the pleading, petitioner argues she is entitled to federal habeas corpus relief because her constitutional rights have been violated by the delay she has experienced receiving executive clemency and, ultimately, early release from prison.[3]  Pet. at

---

[2]  It is unclear what transpired after the Court of Appeals reversed petitioner's conviction and remanded her case.  Ultimately, that information is unnecessary for the completion of the instant analysis and the undersigned's decision dismissing this case.

[3]  Executive clemency finds its roots in "[t]he New York State Constitution [which] empowers the Governor to grant reprieves, commutations, and pardons."  Dkt. No. 1-2 at 8.  There is a set of guidelines utilized to "determine a person's eligibility for clemency[; h]owever, **even if [the inmate] fall[s] within the guidelines for consideration,**

5; Dkt. No. 1-2 at 1 (requesting immediate release from custody on the basis of "computational clemency" due to her mental illness).

Proper venue for this action is challenging to determine; however, it is clear that venue does not lie in the Northern District. While petitioner does not challenge the validity of the conviction and sentence imposed by the Kings County Supreme Court, she does challenge her continued detention as a result of that sentence and is seeking an executive remedy "to ease the consequences of [said] criminal . . . conviction." Dkt. No. 1-2 at 8. Alternatively, all the events related to the application for clemency – including, but not limited to, the interview, investigation, and grievance about the clemency process – have all occurred in Orleans County. Accordingly, it appears that either the Eastern or Western District of New York is the appropriate forum for this action. 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 497 & n.13 (1973) ("Congress explicitly recognized the substantial advantages of having these [habeas] cases resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.").

Because this action was filed in an improper venue, this Court must dismiss the case unless the interests of justice compel its transfer. 28 U.S.C. § 1406(a). This decision is discretionary; however, the Second Circuit has warned that any *sua sponte* dismissals based on improper venue should occur only under extraordinary circumstances. *See Harris v. Case*, No. 6:13-CV-1491 (ATB/TJM), 2014 WL 2116987, at *3 (N.D.N.Y. May 20, 2014) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) & *Stich v. Rehnquist*,

---

**it is extremely unlikely that [the inmate] will be granted clemency. If you fall outside the guidelines, [the] application will be denied.**" *Id.* (emphasis added). "The Governor has full discretion over commutations and may commute a sentence in any way they deem appropriate." *Id.* at 9. "If the governor denies [the] application, there is no appeal." *Id.* at 11.

3

982 F.2d 88, 89 (2d Cir. 1992)).

Here, circumstances exist such that dismissal is appropriate. The district court must examine a habeas petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2243. If so, the petition must be dismissed. Rule 4; *Welch v. Mukasey*, 589 F. Supp. 2d 178, 180 (N.D.N.Y. 2008) (explaining the Court's duty to screen and dismiss "frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.") (citations and quotation marks omitted).

In this case, petitioner has failed to cite a cognizable claim; accordingly, Rule 4 of the Habeas Rules compels dismissal and transferring venue will not cure that deficiency.

> Article IV, § 4 of the New York Constitution and section 15 of the Executive Law vest authority to commute sentences for all offenses . . . with the Governor . . . and the power to grant clemency remains vested by law with the Governor and not with the state Court . . . Accordingly, clemency proceedings are not part of the trial-or even of the adjudicatory process . . . They are conducted by the executive branch, independent of direct appeal and collateral relief proceedings.

*Trisvan v. Ercole*, No. 1:07-CV-4673, 2007 WL 4224815, at *1 (E.D.N.Y. Nov. 27, 2007) (internal quotation marks and citations omitted). As it pertains to federal habeas corpus, the Supreme Court has "held that noncapital defendants do not have a liberty interest in traditional state executive clemency[,] to which no particular claimant is *entitled* as a matter of state law;" therefore, petitioners "cannot challenge the constitutionality of any procedures available to vindicate an interest in state clemency." *Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 577 U.S. 52, 67-68 (2009) (citing *Connecticut Bd. of Pardons v. Dumschat*, 452

U.S. 458, 464 (1981)).  Similarly, the Second Circuit has made clear that "there is no liberty interest in receiving clemency" concluding "clemency is inherently discretionary and subject to the whim, or grace, of the decision maker [making it] . . . a form of relief to which the prisoner has no right."  *McKithen v. Brown*, 626 F.3d 143, 151-152 (2d Cir. 2010) (citing *Osborne*, 577 U.S. at 67-68).

Petitioner claims there have been constitutional violations surrounding her executive clemency procedures.  However, per the New York State Constitution, such functions are expressly within the purview of the Governor and executive branch.  Thus, petitioner is not entitled to clemency, it is solely within the governor's discretion and it is not later reviewable by the judiciary.  Accordingly, consistent with the Supreme Court's precedent. subsequently adopted by the Second Circuit, petitioner's action must be dismissed because she seeks relief for a right which she does not have and a remedy which this Court cannot provide.

**WHEREFORE**, it is

**ORDERED** that the petition be **DISMISSED**; and it is further

**ORDERED** that because petitioner makes no substantial showing of a denial of a constitutional right as 28 U.S.C. § 2253 requires, a certificate of appealability will not issue;[4] and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: August 21, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation" (emphasis in original)).